```
                 IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION


EDWARD A. WEINHAUS,              )
                                 )
                Plaintiff,       )   Docket No. 18 C 2471
                                 )
         vs.                     )
                                 )
NATALIE B. COHEN, et al.,        )   Chicago, Illinois
                                 )   June 11, 2018
                Defendants.      )   9:46 a.m.


                 TRANSCRIPT OF PROCEEDINGS - Status
              BEFORE THE HONORABLE REBECCA R. PALLMEYER


APPEARANCES:


For the Plaintiff:        MR. EDWARD A. WEINHAUS, Pro Se
                          10859 Picadily Square Drive
                          St. Louis, Missouri  63146










Court Reporter:           FRANCES WARD, CSR, RPR, RMR, FCRR
                          Official Court Reporter
                          219 S. Dearborn Street, Suite 2144D
                          Chicago, Illinois  60604
                          (312) 435-5561
                          frances_ward@ilnd.uscourts.gov
```

|    |                                                                   |
|----|-------------------------------------------------------------------|
| 1  | THE CLERK: 18 C 2471, Weinhaus versus Cohen for                   |
| 2  | status.                                                           |
| 3  | MR. WEINHAUS: Good morning, your Honor.                           |
| 4  | Edward Weinhaus, plaintiff, and I'm representing                  |
| 5  | myself *pro se* in this matter.                                   |
| 6  | A waiver was sent and not returned, and service has               |
| 7  | not yet been served upon defendants but will be shortly.          |
| 8  | THE COURT: I am concerned about jurisdiction.                     |
| 9  | What's the basis for the Court's jurisdiction in                  |
| 10 | this case?                                                        |
| 11 | MR. WEINHAUS: It's a matter of federal question                   |
| 12 | and also diversity. I believe this has not yet been               |
| 13 | adjudicated as a private cause of action in any local court       |
| 14 | and is not actually a matter of family law but instead a          |
| 15 | violation of right to travel.                                     |
| 16 | THE COURT: A violation of whose right to travel?                  |
| 17 | MR. WEINHAUS: Mine.                                               |
| 18 | THE COURT: Tell me how the defendants have                        |
| 19 | violated your right to travel.                                    |
| 20 | MR. WEINHAUS: Okay. That concerns Counts I, III,                  |
| 21 | and IV. And that would be withholding access to my children,      |
| 22 | who are residents of Illinois, unless the children and I          |
| 23 | leave the State of Illinois. I believe, in fact, the              |
| 24 | children -- the Weinhaus children are probably the only           |
| 25 | children in the country who are forced to leave their own         |

| | |
|---|---|
| 1 | state to exercise visitation with a parent. |
| 2 |     THE COURT:  I guess I can't imagine that's true. |
| 3 | I'm sure there are more than one family where one parent |
| 4 | lives in another state from another. |
| 5 |     MR. WEINHAUS:  That for sure.  The issue is that |
| 6 | the children are withheld from my visitation were they to |
| 7 | stay in Illinois.  So I believe you are right about what you |
| 8 | said. |
| 9 |     THE COURT:  Tell me who it is that's withholding |
| 10 | that. |
| 11 |     MR. WEINHAUS:  Originally it would be, according to |
| 12 | Count IV and Count III, Mrs. Cohen and members of her family. |
| 13 | And then additionally, in Count I, the State entered an |
| 14 | agreed order, under duress, threatening other violations of |
| 15 | my due process, which is considered in Count II, I would say |
| 16 | cementing that threat. |
| 17 |     THE COURT:  So that was a court order? |
| 18 |     MR. WEINHAUS:  Subsequently after the initial |
| 19 | violations and the threats. |
| 20 |     THE COURT:  Okay.  Here is the problem.  The |
| 21 | federal court does not enforce civil rights violations by |
| 22 | individuals unless they are -- it would have to be a state |
| 23 | action.  So a state action that violates the constitution is |
| 24 | redressable by the federal courts.  But if the state action |
| 25 | is a court order entered by, for example, a state court, |

```
 1    that's not something that this court remedies.  The remedy
 2    that you would need to seek there would be an appeal.
 3           So the court -- you said the court was compelled by
 4    something, that it shouldn't have happened.  But in any case,
 5    the state court entered an order that you believe is
 6    violating your rights.
 7           MR. WEINHAUS:  So what you said I understand
 8    partially.
 9           Count IV actually concerns a private right of
10    action under 42 USC 1985(3).  The right not to be held as a
11    slave and the right to travel are two private rights of
12    actions held against private citizens, according to *Griffin
13    v. Breckenridge*, which is cited.
14           So leaving Count IV aside --
15           THE COURT:  Sir, respectfully, being precluded from
16    access to your -- to children -- I believe you are the
17    grandfather; is that right?
18           MR. WEINHAUS:  I'm sorry.  No, I'm not.  I'm the
19    children's father.
20           THE COURT:  Okay.  All right.  I'm sorry.
21           Access to -- being denied access to your children
22    by a court order is not -- does not constitute involuntary
23    servitude, and it doesn't interfere with the right to travel.
24           MR. WEINHAUS:  So I'm not denied access in that
25    way.  I'm denied access unless I use the roads, parks,
```

1  instrumentalities of commerce of Illinois only for the
2  purpose of leaving the State of Illinois.  That is the exact
3  definition of right to travel, and that's what I'm restricted
4  from doing.
5              THE COURT:  You came to court on the roads today.
6              MR. WEINHAUS:  Yeah, but not with my children.  In
7  fact --
8              THE COURT:  This is a challenge to a court order
9  regarding custody.  That's what this is.
10             MR. WEINHAUS:  Actually, this is pled as happening
11 before there was -- the order existed.  And that's pled in --
12             THE COURT:  Before the order existed there was no
13 state action, sir.  There was no basis for a federal
14 challenge.
15             MR. WEINHAUS:  The basis of a 1985(3) private right
16 of action is based on an individual's private action.  It
17 doesn't require state action.  And that would be for events
18 that occurred before the court order.
19             I know it's hard.  It's in the facts.  I could walk
20 you through the timeline.
21             THE COURT:  I don't think walking me through the
22 timeline is going to help.
23             Why don't you give me some case law on Section
24 1985(3) and find me a case of this nature, because I don't
25 think I have jurisdiction over it.

| | |
|---|---|
| 1 | MR. WEINHAUS: *Griffin v. Breckenridge* just states |
| 2 | the right to travel, but I can find other right to travel |
| 3 | cases for sure. |
| 4 | THE COURT: I'm familiar with the right to travel, |
| 5 | sir. The right to travel -- you are free to travel. If you |
| 6 | want to leave right now, you want to come right now, you are |
| 7 | free to do that. You have traveled. |
| 8 | Your concern is whether you will have access to |
| 9 | your children when you do that. It's a custody challenge. |
| 10 | MR. WEINHAUS: I'm not free to -- I agree. And |
| 11 | it's not a custody challenge. I'm not free to travel in the |
| 12 | State of Illinois once I have my children. I may only use |
| 13 | the roads, parks, instrumentalities to leave the state -- |
| 14 | THE COURT: Correct. |
| 15 | MR. WEINHAUS: -- on my time for a month -- in |
| 16 | fact, it will be a month -- and then to bring them back. But |
| 17 | I may not bring them, for example, to the State Capitol. I |
| 18 | cannot bring them to court. |
| 19 | THE COURT: And that's because the court entered an |
| 20 | order to that effect. |
| 21 | MR. WEINHAUS: That is originally because they were |
| 22 | withheld for that purpose by private citizens and |
| 23 | subsequently a court order, but that was not adjudicated. |
| 24 | THE COURT: A court ordered it. And now that a |
| 25 | court has ordered it, the fact that there were previous |

1  episodes that led up to that court order does not change
2  things.
3            If you want to challenge a state court's order, you
4  must do that in the state court.
5            MR. WEINHAUS:  That doctrine I understand.
6  However, I have a private right of action against the
7  individuals for the amount -- the things that they did before
8  the court order and potentially after.  That's a matter of
9  law, which we could discuss.  However, the fact that they did
10 it before there was a court order, suggesting that -- creates
11 a private right of action.
12           THE COURT:  Okay.  So the private right of action
13 is one for money damages; is that right?
14           MR. WEINHAUS:  All counts have money damages.
15           THE COURT:  And only money damages?
16           MR. WEINHAUS:  Not only.  In three of the counts I
17 asked only that that particular aspect of the order be
18 enjoined, requiring --
19           THE COURT:  I will not enjoin a state court's
20 order.
21           MR. WEINHAUS:  Okay.  But all four counts have
22 money damages.  So there are other counts involved, including
23 the court interfering with my right to counsel, which would
24 be Count II.
25           THE COURT:  All right.  You began by telling me

1   about custody -- I mean, about service.

2   Has everybody been served?

3   MR. WEINHAUS: I believe if they had been served,

4   it would have occurred over the weekend. But I have not

5   filed those and haven't received them back from the process

6   server. I offered waiver first.

7   THE COURT: Then I will enter a status.

8   In the meantime, I am going to take a look at the

9   *Griffin* case and make a determination about jurisdiction. I

10  don't think I have jurisdiction over this case.

11  MR. WEINHAUS: I think the three potential issues

12  would be Rooker-Feldman, the family law exception, and

13  potentially claims jurisdiction. And none of them are -- I

14  mean, I get over all of those.

15  THE COURT: Good.

16  I will see you on August 15th for status.

17  MR. WEINHAUS: Thank you very much.

18  THE COURT: Thank you.

19                  *   *   *   *   *

20  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
21

22  /s/ Frances Ward_____August 16, 2018.
    Official Court Reporter
23  F