**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019[*]
Decided July 16, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 18-3185 | |
| EDWARD A. WEINHAUS,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 2471 |
| NATALIE B. COHEN, et al.,<br>*Defendants-Appellees*. | Rebecca R. Pallmeyer,<br>*Chief Judge*. |

**O R D E R**

Edward Weinhaus sued his ex-relatives and the state of Illinois over provisions in a state-court custody judgment that required Weinhaus to exercise his parenting time outside Illinois. He contends that this requirement violates his constitutional right to travel and that the custody proceedings generally violate his right to due process. The district court granted the defendants' motions to dismiss. Because it rightly concluded

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(A).

No. 18-3185											Page 2

that it lacked subject-matter jurisdiction under the domestic-relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine, we affirm.

Weinhaus and Natalie Cohen filed for divorce in 2012 in the Circuit Court of Cook County, Illinois. (We recite the factual allegations and draw all reasonable inferences in favor of Weinhaus. *See Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008).) Later, they agreed to a joint-custody judgment that addressed the care of their five children. Under that judgment, Cohen is the primary residential parent and resides in Illinois with the children. Weinhaus, a resident of Missouri, may conduct his parenting time outside of Illinois on specified weekends and school breaks. In 2016, Weinhaus and Cohen agreed to a modified judgment. One modification provided that Weinhaus's parenting time on certain weekends and school breaks "shall" be exercised outside of Illinois. The following year, Weinhaus moved to modify the judgment to remove the requirement that he "shall" exercise parenting time outside of Illinois.

A month before the hearing on his motion to modify, Weinhaus turned to federal court, invoking 42 U.S.C. §§ 1983 and 1985(3) to sue Cohen, her new husband, her parents ("the Cohen defendants"), and the state of Illinois. He contends that, because the custody judgment requires that he spend his time with his children outside of Illinois, and the defendants interpret the judgment that way, they have violated his right to travel within Illinois with his children. He argues also that they have violated his right to due process because the order was entered without proper procedures, without considering the best interests of the children, without recognizing that he was under duress, and after interfering with his right to self-representation.

The district court granted the defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6). The judge concluded that both the domestic-relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine barred the court's review of the case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). (The judge also ruled that the custody order did not violate Weinhaus's right to travel and that the state was immune under the Eleventh Amendment.) Because there was "no possibility that [Weinhaus's] allegations can support a good faith claim within this court's jurisdiction," the judge declined to allow him leave to amend the complaint. We review Weinhaus's appeal of the dismissal de novo. *See Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018).

Weinhaus contends that the domestic-relations exception to federal jurisdiction does not block this suit, but the district judge correctly ruled that it does. The exception

Case: 1:18-cv-02471 Document #: 35 Filed: 08/07/19 Page 3 of 4 PageID #:217
Case: 18-3185     Document: 00713464066     Filed: 08/07/2019     Pages: 4

No. 18-3185                                                                      Page 3

precludes federal review of state-court decisions "'involving the granting of divorce, decrees of alimony,' and child custody orders." *Kowalski*, 893 F.3d at 995 (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992)). Weinhaus argues that the domestic-relations exception applies only to diversity-jurisdiction cases, not to federal-question cases, like his. But it applies in both types of suits. *Kowalski*, 893 F.3d at 995; *Jones v. Brennan*, 465 F.3d 304, 306–07 (7th Cir. 2006). The reason is that state courts, which "have developed a proficiency in core probate and domestic-relations matters," *Struck v. Cook Cty. Pub. Guardian,* 508 F.3d 858, 860 (7th Cir. 2007), may also decide issues of federal law, so "confining a class of federal-law cases to state courts does not deprive litigants of their federal rights," *Jones,* 465 F.3d at 307.

To avoid the exception, Weinhaus suggests three possible end-runs, but they are all unavailing. First, he relies on *Kowalski* to contend that the exception does not apply because he is merely attacking a third party's "tortious interference" with a family-law case. *See* 893 F.3d at 995–96. In *Kowalski*, the plaintiff alleged that defendants corruptly tried to influence how a judge decided a divorce suit. Because that claim—undue influence—was not based on family law, we ruled that the domestic-relations exception did not apply (though we decided for other reasons that the plaintiff failed to state a claim). *Id*. Weinhaus's claim is different. He complains that his ex-relatives are using the custody judgment itself to restrict access to his children in Illinois, so the claim depends entirely on domestic-relations law. Second, Weinhaus contends that the exception does not apply because the state court "lacked jurisdiction" after it deprived him of his procedural rights and failed to consider the best interests of the children. But these are arguments for a direct appeal in state court; they are not grounds for federal courts to exercise jurisdiction. *See id*. Third, Weinhaus observes that he and Cohen are now divorced and the circuit court has awarded custody, so no domestic-relations case is pending there. But this lawsuit is a dispute over child custody, a matter under the continuing supervision of state courts, so the domestic-relations exception applies.

Based on Weinhaus's last contention—that the domestic-relations case is over—the *Rooker-Feldman* doctrine also precludes our review. The doctrine prevents federal district and appellate courts from deciding cases by litigants complaining of injuries from state-court judgments rendered before the federal suit commenced and seeking federal review and reversal of those judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Weinhaus's alleged injury comes from the provisions in the custody judgment requiring him to exercise his parenting time outside of Illinois. The state court entered that judgment and modified it before Weinhaus sued in federal court for review and relief from that judgment, so *Rooker-Feldman* applies.

No. 18-3185 Page 4

Weinhaus raises two arguments that the *Rooker-Feldman* doctrine is inapplicable, but they are as meritless as his contentions about the domestic-relations exception. The doctrine does not preclude our review, he first submits, because the modified judgment is "void." It is void, he says, because he agreed to it under duress, the state court failed to consider the best interests of the children, and the court lacked authority to require him to raise his children outside of Illinois. But the doctrine precludes federal jurisdiction "no matter how erroneous or unconstitutional the state court judgment may be" because the Supreme Court of the United States is the only federal court with jurisdiction to review a state-court judgment. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Second, he argues that he does not challenge only the state-court judgment; he also contests the defendants' procedural tactics in court (such as allegedly preventing him from having a hearing and criticizing his self-representation) that led to the adverse custody judgment. But there is no "procedural exception" to the doctrine—it applies to "the procedures used by state courts to reach decisions" where, as here, "[n]o injury occurred until the state judge ruled against" the federal plaintiff. *Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014).

Because the district court lacked jurisdiction, we do not reach Weinhaus's remaining arguments. Therefore, we affirm the district court's dismissal, though the judgment is modified to be for lack of subject-matter jurisdiction.

A final matter remains: the Cohen defendants moved for sanctions under Rule 38 of the Federal Rules of Appellate Procedure, to which Weinhaus has responded in opposition. Sanctions are indeed warranted. The suit is plainly blocked by the domestic-relations exception and the *Rooker-Feldman* doctrine. To avoid the jurisdictional problem, Weinhaus contends that the state-court judgment violates his rights to due process and to travel interstate. But his arguments do not circumvent the impediments to jurisdiction, and they ignore our case law and the arguments raised by the Cohen defendants and the state of Illinois. Thus, the Cohen defendants' motion is GRANTED, and they may file, within 14 days of this order, a statement of the attorneys' fees and other expenses reasonably incurred in defending this appeal. Weinhaus shall file any response no later than 21 days after the Cohen defendants file their statement.

AFFIRMED AS MODIFIED, WITH SANCTIONS